UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHLEY HARGROVE,<br><br>　　　　　Plaintiffs,<br><br>　-against-<br><br>FRAPORT USA, INC., FRAPORT TENNESSEE, INC., and FRAPORT NEW YORK, INC.<br><br>　　　　　Defendants. | **MEMORANDUM AND ORDER**<br><br>Case No. 22-CV-2038 (FB) (RLM) |

*Appearances:*
*For the Plaintiff*:
SCOTT ALAN BURROUGHS
Doniger / Burroughs
603 Rose Avenue
Venice, CA 90291

*For Defendant*:
MEGAN E. FARRELL
Porter Wright Morris & Arthur LLP
6 PPG Place, Third Floor
Pittsburgh, PA 15222

**BLOCK, Senior District Judge:**

　　Plaintiff Ashley Hargrove ("Hargrove") and Defendants Fraport USA Inc., Fraport Tennessee Inc., and Fraport New York Inc. (collectively, "Fraport") seek a change of venue pursuant to 28 U.S.C. § 1406(a). On July 13, 2022, at the Court's behest, the parties submitted letter-briefs in support of their respective positions. Hargrove proposes the Western District of Texas, while Fraport prefers the Western District of Pennsylvania. For the following reasons, the suit will be transferred to the United States District Court for the Western District of Texas.

1

**I.**

This is a copyright suit arising from Fraport's allegedly infringing use of Hargrove's photograph. Hargrove, a Texas domiciliary, alleges that one of her photos was used by Fraport in an airport retail store it operates. Fraport Tennessee, Inc., allegedly used the image as a display outside a vacant storefront in the Nashville International Airport to promote a forthcoming James Avery Jewelry ("James Avery") store. Hargrove alleges that she had licensed the photograph to James Avery and that Fraport took it from a website or social media page owned by herself or James Avery. Fraport claims it took the photo from James Avery's website and created the ad in conjunction with a Pennsylvania advertising firm.

Each of the three Fraport entities are incorporated in Delaware. Fraport USA, Inc.'s principal place of business is Pittsburgh, Pennsylvania, Fraport Tennessee, Inc.'s is Nashville International Airport, and Fraport New York, Inc.'s is John F. Kennedy International Airport.

**II.**

The parties agree that this Court is an improper venue. When venue is improper, a district court has discretion to "dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). "The district court has this power to transfer venue even if it lacks personal jurisdiction over the defendants." *Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 112 (2d Cir. 2001). The transferee court must have both proper

venue and personal jurisdiction over the defendants. *Gibbons v. Fronton*, 661 F. Supp. 2d 429, 434 (S.D.N.Y. 2009). "For purposes of copyright litigation, venue is proper if in personam jurisdiction is proper"—the heart of this dispute is therefore where personal jurisdiction would be proper. *Vasquez v. Torres Negron*, 434 F. Supp. 2d 199, 202 (S.D.N.Y. 2006)) (citing 28 U.S.C. § 1400(a)).

**A. Minimum contacts**

Each party opposes the other's proposed venue on the basis that it would not satisfy the due process requirements of exercising personal jurisdiction over Fraport. Personal jurisdiction is determined based on the forum state's long-arm statute. *Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L.*, 264 F.3d 32, 37 (2d Cir. 2001). "Because the Texas Long Arm Statute is coextensive with the confines of due process, questions of personal jurisdiction in Texas are generally analyzed entirely within the framework of the Constitutional constraints of Due Process." *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir.).

Hargrove argues that Fraport's appropriation of her photograph would give rise to specific jurisdiction in Texas. Specific jurisdiction in Texas turns on

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Zoch v. Magna Seating (Germany) GmbH*, 810 F. App'x 285, 289 (5th Cir. 2020).

The parties disagree as to the presence of the first and third of these factors.

Hargrove argues Fraport has sufficient minimum contacts with Texas under the Supreme Court's "effects" theory in *Calder v. Jones*, 465 U.S. 783 (1984). *Calder* holds that specific personal jurisdiction exists where the effects of a defendant's conduct was "expressly aimed" at the forum, *Id.* at 789, even though it took place "entirely out-of-forum, and the only relevant jurisdictional contacts with the forum are therefore in-forum effects harmful to the plaintiff," *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 87 (2d Cir. 2018)). Second Circuit courts find jurisdiction under *Calder* when: (1) a defendant's acts caused effects in the forum state, (2) those effects "were a direct and foreseeable result of the actions abroad," and (3) "the defendant knew or had good reason to know that the actions would have effects" there.[1] *Sec. & Exch. Comm'n v. PlexCorps*, No. 17CV7007CBARML, 2018 WL 4299983, at *9 (E.D.N.Y. Aug. 9, 2018).

Hargrove argues that Fraport directed its conduct at Texas by taking her photo from either her or James Avery's websites, which she claims clearly indicate that each entity is based in Texas. Fraport insists it took the image from James Avery's website and did not know Hargrove was a Texas resident.

---

[1] Though this test was formulated by Second Circuit courts in the context of examining a foreign defendant's contacts with the United States as a whole, *Calder* itself concerned litigants domiciled in different states; this test applying *Calder*'s holding should therefore apply with equal force when analyzing contacts between a defendant and a particular state.

Appropriating copyrighted photos from a website to promote one's own business "can give rise to specific personal jurisdiction over a defendant in the forum where a plaintiff's website was established, particularly if the website bore indicia that it was created in the forum, by a resident of the forum, for the promotion of business in the forum." *Denenberg v. Ruder*, No. 8:05CV215, 2006 WL 379614, at *3 (D. Neb. Feb 15, 2006); *see also Schoemaker v. Sullivan*, No. 8:09CV441, 2010 WL 11694021, at *5 (D. Neb. May 10, 2010) (finding knowledge requirement satisfied where "[t]he website that [defendant] admits to visiting is registered to [plaintiff] at a Nebraska address, and every page of the site includes a notice stating, 'Based in Lincoln, Nebraska.'").

Here, Fraport knew or should have known that its actions would have effects in Texas, regardless of whether Fraport obtained the image from Hargrove's or James Avery's websites. Hargrove's websites make clear mention of her location and work in Texas. *See* Dkt. 19 Plaintiff's Ltr. Brief at Exs. B, C. Even if Fraport obtained the image from James Avery's website as it claims, it included several prominent mentions of the company's Texas presence in its "about" section.[2]

---

[2] Archived versions of the website show that this was true in the months and years leading up to Fraport's allegedly infringing use. *See, e.g.,* https://web.archive.org/web/20210107171827/https://www.jamesavery.com/pages/ about-us; https://web.archive.org/web/20210416192707/ https://www.jamesavery.com/pages/ about-us; https://web.archive.org/web/20210509215615/https://www.jamesavery.com/pages/ about-us;

Fraport therefore had minimum contacts with Texas sufficient to subject him to specific jurisdiction there.

**B. Reasonableness**

The second stage of the due process inquiry centers on whether jurisdiction would be reasonable, comporting with "traditional notions of fair play and substantial justice." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010). In doing so, Courts must consider

> (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

*Id.* at 164.

Here, the first factor weighs in favor of Fraport, given the need for it to travel to litigate in Texas and the presumptive lack of any of its evidence or witnesses there. However, courts limit the weight given to this factor given the extent to which modern communications technology has lessened the burden on corporations to defend suits in other states. *See Metro. Life Ins. Co. v. Robertson-*

---

https://web.archive.org/web/20201224224155/https://www.jamesavery.com/pages/about-us;
https://web.archive.org/web/20201020023125/https://www.jamesavery.com/pages/about-us (showing the "About Us" page as it appeared on October 20, 2020; December 24, 2020; January 7, 2021; April 16, 2021; and May 9, 2021).

*Ceco Corp.*, 84 F.3d 560, 573-74 (2d Cir. 1996). Texas has an interest in adjudicating claims made by its resident and Hargrove has a strong interest in pursuing this suit at home. Next, while evidence about the photo's creation and rights are located in Texas, evidence about the alleged infringement is likely located in multiple states including Pennsylvania. The fourth factor therefore does not weigh strongly in either direction. Nor does the fifth factor, as copyright law is a federal scheme that can be enforced and furthered by any state. On the whole, these factors suggest that forcing Fraport to defend Hargrove's suit in Texas would be at most inconvenient, but not unreasonable.

## III.

The Clerk is directed to transfer the above-captioned case to the U.S. District Court for the Western District of Texas.

**SO ORDERED.**

/S/ Frederic Block  
FREDERIC BLOCK  
Senior United States District Judge

Brooklyn, New York  
October 26, 2022